IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYANT HARRISON,

    Petitioner,                    No. CIV S-08-1199 LKK EFB P

    vs.

D.K. SISTO,

    Respondent.              ORDER

                              /

       Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He initiated this action with the petition filed on May 30, 2008. Dckt. No. 1. On December 8, 2008, the court dismissed that petition with leave to amend. Dckt. No. 6. Petitioner timely filed an amended petition on December 29, 2008. Dckt. No. 7. On July 20, 2009, respondent moved to dismiss the petition on the grounds that petitioner has procedurally defaulted and has failed to exhaust his state court remedies, that the petition presents state law claims only, and that the petition is moot. Dckt. No. 13. On August 7, 2009, petitioner filed an opposition brief. Dckt. No. 14. On the same day, petitioner filed a "petition for traverse," which appears to be a second amended petition raising additional grounds for relief. Dckt. No. 15. Although petitioner did not request leave to amend, the court interprets petitioner's filing of a second amended petition as such a request. Respondent did not file a

reply brief or any statement in response to petitioner's second amended petition.

At the time petitioner filed the second amended petition, Rule 15 of the Federal Rules of Civil Procedure provided that, "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A); *see also* Rule 12, Rules Governing Section 2254 Cases. Here, petitioner filed a second amended petition before respondent filed a responsive pleading. Under Rule 15(a)(1)(A), petitioner should be permitted to proceed on the second amended petition. Assuming however, that petitioner's first amended petition filed in response to the court's December 8, 2008 order renders Rule 15(a)(1)(A) inapplicable, leave to amend would be appropriate under Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Petitioner promptly filed his second amended petition after being served with respondent's motion to dismiss and respondent did not object. Thus, this action will proceed on the second amended petition and respondent's July 20, 2009 motion to dismiss is rendered moot.

Accordingly, it hereby is ORDERED that:

1. Petitioner's August 7, 2009 "Petition for Traverse," construed as a motion to file a second amended petition, is granted and the Clerk of the Court shall re-docket the "Petition for Traverse" as a "Second Amended Petition";

2. Respondent's July 20, 2009 motion to dismiss is denied as moot; and,

3. Respondent has 30 days from the date this order is served to respond to the second amended petition.

Dated: February 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2