IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYANT HARRISON,

Petitioner, No. CIV S-08-1199 LKK EFB P

vs.

JOHN W. HAVILAND, Warden[1]

Respondent. FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He proceeds on his August 2, 2009 second amended petition. Dckt. No. 16. He claims that the California Department of Corrections and Rehabilitation ("CDCR") violated his due process rights by extending his minimum eligible parole date on two occasions, and that in doing so, CDCR also breached the terms of petitioner's plea agreement. Respondent moves to dismiss this action on the grounds that the petition is untimely, includes unexhausted claims, is moot, and that petitioner has procedurally defaulted. Dckt. No. 19. For the reasons explained below, the court recommends that this action be dismissed as untimely.

[1] John W. Haviland, warden of the facility where petitioner currently is located, is hereby substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

**I. Procedural History**

Petitioner is serving a fifteen-year-to-life sentence for assault on a child causing great bodily injury or death. Dckt. No. 16 at 2. On May 2, 2007, petitioner filed a petition for writ of habeas corpus in Solano County Superior Court, alleging that his rights were violated when his minimum eligible parole date was moved back twice.[2] Resp.'s Mot. to Dism. ("Mot."), Ex. 1. The superior court denied the petition. *Id.*, Ex. 2. Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District, which was also denied. *Id.*, Exs. 3, 4. Next, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. *Id.*, Ex. 5. That petition was denied on January 30, 2008. *Id.*, Ex. 6.

Petitioner initiated this action with a petition filed on May 28, 2008. Dckt. No. 1. The court dismissed that petition with leave to amend. Dckt. No. 6. On December 14, 2008, petitioner filed an amended petition. Dckt. No. 7. On July 20, 2009, respondent moved to dismiss the amended petition and petitioner opposed the motion. Dckt. Nos. 13, 14. However, on August 2, 2009, petitioner also filed what appeared to be a second amended petition. Dckt. No. 15. The court granted petitioner leave to file a second amended petition, and denied respondent's motion to dismiss as moot. Dckt. No. 17. Currently before the court is respondent's March 9, 2010 motion to dismiss the second amended petition, which petitioner opposes.[3] Dckt. Nos. 19, 24.

////

[2] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

[3] Throughout his opposition, petitioner contends that the pending motion to dismiss is moot. Petitioner seems to think the motion is moot because it raises arguments similar to those raised in the first motion to dismiss, which this court denied as moot. *See* Dckt. No. 24 at 2-3, 11, 13, 17, 18. Petitioner's argument lacks merit, as the first motion to dismiss was rendered moot by the filing of a second amended petition. The pending motion properly addresses the second amended petition and no circumstances exist to render it moot.

**II. Statute of Limitations**

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, petitioner challenges CDCR's determination of petitioner's minimum eligible parole date. Specifically, petitioner claims that CDCR wrongfully moved his minimum eligible parole date from December 20, 2004, to July 26, 2007, and again to November 24, 2009. The statute of limitations for habeas petitions challenging decisions of administrative bodies commences pursuant to § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003). Because petitioner challenges a decision made by an administrative body, section 2244(d)(1)(D) applies.

According to respondent, petitioner concedes that he contacted a case records analyst in March 2001 to question his minimum eligible parole date. Mot. at 4. Therefore, respondent concludes that petitioner was aware of the factual predicate of his claims by March 2001. *Id.* In support of this argument, respondent cites to petitioner's opposition to respondent's first motion to dismiss, in which petitioner stated:

////

> On March 30, 2001 [petitioner] notified J. Castaneda, Correctional Case Records Analyst, (CCRA) per State of California GA-22 "Inmate Request" requesting why [his] minimum eligible parole hearing changed from December 20, 2004 to July 26, 2007, and again to November 24, 2009?" On September 26, 2001, J. Castaneda, responded stating, "your conviction of § 273ab, "ASSAULT ON A CHILD RESULTING IN DEATH," carries a sentence of 15 to life."

Dckt. No. 14 at 3, Ex. B (copy of petitioner's inmate request for interview, dated "8-30-01").[4] In response, petitioner argues that any inquiry he made was only to seek "interpretation" of why his minimum eligible parole date was changed, and did not mean he was aware of the issues giving rise to his claims or that he knew to seek "judicial action." Pet'r's Opp'n (Dckt. No. 24) at 5-6. Additionally, petitioner asserts that his minimum eligible parole date was not changed to November 24, 2009 until September 1, 2005, and suggests that he was not made aware of the date change until March 1, 2006. *Id.* at 4, 8.

The statute of limitations begins to run when a prisoner knows, or through diligence could discover, the important facts – not when the prisoner recognizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). In this case, the fact important to petitioner's claims is that his minimum eligible parole date was changed to November 24, 2009. Accordingly, the statute of limitations began to run when petitioner became aware, or could have become aware, of this change in his minimum eligible parole date. With his opposition to the pending motion to dismiss, petitioner included a response from "J. Castaneda, CCRA," dated September 26, 2001, informing petitioner that his minimum eligible parole date was November 24, 2009. Pet'r's Opp'n, Ex. D; *see also* Dckt. No. 14, Ex. B (petitioner's August 30, 2001 inmate request for interview to Castaneda regarding change in minimum eligible parole date and Castaneda's September 26, 2001 response); Dckt. No. 14, Ex. D (handwritten affidavit, signed by petitioner under penalty of perjury, stating that petitioner's minimum eligible parole date was

---

[4] The court notes that the "8" in "8-30-01" could easily be mistaken for a "3," and consequently, petitioner may have misread the document as being dated March 30, rather than August 30.

moved to November 24, 2009 on August 2, 2001 following petitioner's fifth yearly annual review hearing); Mot., Ex. 1 (petitioner's May 2, 2007 state court petition) at 3 (claiming that on or about 2000, during petitioner's fifth annual review hearing, he learned that his "first initial Parole Hearing was [] November 24, 2009."); Mot., Ex. 3 (petitioner's July 16, 2007 state court petition) at 3 (stating that on August 30, 2001, petitioner asked Castaneda why his minimum eligible parole date changed to November 24, 2009); Mot., Ex. 5 (petitioner's August 12, 2007 state court petition) at 3 (same). It is evident from the record that no later than September 26, 2001, petitioner knew that his minimum eligible parole date had been moved to November 24, 2009. As the factual predicate for his claims, this triggered the one-year limitations period, and petitioner therefore had until September 26, 2002, to file his federal habeas petition. Petitioner did not commence this action until May 28, 2008. Absent tolling, this action is time-barred.

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). If the limitations period has run, however, it cannot be revived by a collateral action. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). As noted above, petitioner filed thee petitions for post-conviction relief in the state courts. The earliest of these petitions was filed on May 2, 2007. Mot., Ex. 1. Because petitioner waited over four years after the federal statute of limitations period expired before filing his first state habeas petition, he is not entitled to statutory tolling. *See Jiminez*, 276 F.3d at 482.

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that

despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Here, petitioner does not present any facts showing that he is entitled to equitable tolling.

For the foregoing reasons, the court concludes that respondent's motion to dismiss this action as time-barred should be granted.

Accordingly, it is hereby RECOMMENDED that respondent's March 9, 2010 motion to dismiss be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE